**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD PATTERSON, | ) |
| | ) Cause No. 1:20-cv-00812 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY COUNTY SHERIFF'S OFFICE, | ) |
| HENRY COUNTY MEMORIAL | ) |
| HOSPITAL, DEPUTY LEVI | ) |
| GLASSBURN, DEPUTY BEN WRIGHT | ) |
| SERGEANT LANDON DEAN, | ) |
| JOHN DOE and JANE DOE MEDICAL | ) |
| STAFF. | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff Richard Patterson, by counsel, complaining of Defendants Henry County, Henry County Community Hospital, Deputy Levi Glassburn, Deputy Ben Wright, Sergeant Landon Dean, and John Doe and Jane Doe Medical Staff and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

2. The acts and omissions of Defendant giving rise to this action occurred in Henry County, Indiana, within the Southern District of Indiana making venue proper in this judicial district under 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff Richard Patterson ("Patterson") is an individual and resides in Henry County, Indiana.

4. Defendant Henry County Sheriff's Office (hereinafter "HCSO") is a political subdivision with a principal location in Henry County, Indiana.

5. Defendant Henry County Memorial Hospital is a medical corporation duly licensed under the laws of the State of Indiana engaged in the business of providing medical services to patients with a principal location in Henry County, Indiana.

6. At all relevant times, Defendant Deputy Levi Glassburn (hereinafter "Deputy Glassburn") was a deputy with the Henry County Sheriff's Office.

7. At all relevant times, Defendant Deputy Ben Wright (hereinafter "Deputy Wright") was a deputy with the Henry County Sheriff's Office.

8. At all relevant times, Defendant Sergeant Landon Dean (hereinafter "Sergeant Dean") was a sergeant with the Henry County Sheriff's Office.

9. At all relevant times, Defendants John Doe and Jane Doe Medical Staff were employed with the Henry County Memorial Hospital.

10. All named defendants may collectively be referred to as "Defendants".

## FACTUAL ALLEGATIONS

11. On or about March 17, 2018, Patterson was involved in a car accident.

12. Mr. Patterson sustained significant physical injuries as a result of his car accident on March 17, 2018.

13. After the accident, Mr. Patterson was approached by and interacted with one or more HCSO deputies, including, but not limited to, Deputies Glassburn and Wright and Sergeant Dean.

14. Glassburn, Wright, and Dean observed significant damages to a van that was driven into a ditch close to the road.

15. Glassburn, Wright, and Dean observed Mr. Patterson's significant physical injuries.

16. Following the accident, Glassburn, Wright, and/or Dean transported Mr. Patterson to Henry County Memorial Hospital in order to obtain a blood draw associated with a criminal investigation.

17. Mr. Patterson's daughter then arrived at Henry County Memorial Hospital and observed that Mr. Patterson had sustained significant and obvious physical injuries.

18. Mr. Patterson's daughter then requested that the staff at Henry County Memorial Hospital review and/or examine Mr. Patterson for his injuries sustained as a result of the accident.

19. Deputy Glassburn, Deputy Wright, Sergeant Dean and/or other officers of HCSO intervened with Mr. Patterson's daughter's request for an examination of Mr. Patterson's injuries.

20. Following the HCSO officers' intervention, Henry County Memorial Hospital Staff refused or otherwise failed to complete a substantive or appropriate examination of Mr. Patterson's injuries.

21. Mr. Patterson was then transported to the Henry County Jail and was subsequently released on bond.

22. After being released on bond, Mr. Patterson returned own his own, with assistance, to Henry County Memorial Hospital where he was examined for his injuries sustained from the accident.

23. During this examination, it was determined that Mr. Patterson had suffered from a broken back and/or other significant injuries.

24. Mr. Patterson was next transported by ambulance to Indiana University Health Ball Memorial Hospital in Muncie, Indiana for higher level of care, where he was also determined to have suffered a severed aorta and/or kidney or similar injuries.

25. Mr. Patterson was then transferred by ambulance to Indiana University Health Methodist Hospital's Level 1 Trauma Center in Indianapolis, Indiana for further treatment, including surgery.

26. Following surgery at Indiana University Health Methodist Hospital's Level 1 Trauma Center, Mr. Patterson was transferred to Stonebrooke Rehabilitation Center in New Castle, Indiana for rehabilitation from his injuries and surgeries.

27. Mr. Patterson has suffered emotional distress and physical injuries and underwent surgery and/or other medical procedures related to his injuries suffered from the accident.

## COUNT 1: FOURTEENTH AMENDMENT- VIOLATION OF DUE PROCESS CLAUSE PURSUANT TO SECTION 1983

**(HCSO and Henry County Memorial Hospital in their official capacities and Deputy Glassburn, Deputy Wright, Sergeant Landon, and John Doe and Jane Dow Medical Staff in their individual capacities)**

28. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

29. Patterson was subjected to disparate and discriminatory treatment when HCSO deputies and Henry County Memorial Hospital medical staff intervened and denied him medical care.

30. Deputy Glassburn, Deputy Wright, Sergeant Dean, and/or other HCSO officers wrongfully intervened and denied Patterson medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

31. John Doe and Jane Doe Medical Staff of Henry County Memorial Hospital wrongfully denied or otherwise refused to provide Patterson medical treatment for the serious and obvious injuries that he sustained during his car accident.

32. Patterson' rights under the Fourteenth Amendment are enforceable pursuant to 42 USC § 1983.

33. HCSO and Henry County Memorial Hospital's denial of medical treatment to Patterson was objectively unreasonable under the circumstances.

34. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourteenth Amendment.

35. HCSO's lack of response to, or condemnation of, its deputies' conduct towards Patterson is so pervasive that it is an adopted policy of Defendants to allow deputies to deny medical care to pretrial detainees.

36. As a result of Defendants' denial of medical care, Patterson has suffered physical and emotional injuries.

37. Patterson requests injunctive relief that HCSO change its policy and implement a policy to properly provide pretrial detainees with medical care.

### COUNT 2: MONELL-POLICY OF MEDICAL INDIFFERENCE
### (HCSO in its official capacity)

38. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

39. The Defendants' actions constitute violations under *Monell* pursuant to 42 U.S.C. § 1983.

40. Deputy Glassburn, Deputy Wright, Sergeant Dean, and/or other HCSO officers wrongfully intervened and denied Patterson medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

41. HCSO was acting under the color of state law in adopting an unconstitutional policy to deny medical care to pretrial detainees such as Patterson.

42. Upon information and belief, HCSO has failed to train their employees to ensure that deputies do not deny medical care to pretrial detainees such as Patterson.

43. Upon information and belief, HCSO has failed to train their deputies to ensure that pretrial detainees receive proper medical care.

44. Upon information and belief, HCSO has adopted an unconstitutional policy of denying pretrial detainees medical care.

45. Upon information and belief, HCSO has created a pervasive custom of denying medical care to pretrial detainees.

46. Upon information and belief, there are other instances of the denial of medical care to pretrial detainees by deputies so as to constitute a policy.

47. Defendants knew, or should have known, that their acts and/or omissions would likely result in a violation of Fourth and Fourteenth Amendment rights of innocent persons.

48. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Patterson suffered economic and non-economic damages.

49. Patterson requests injunctive relief that HCSO change its policy and implement a policy to properly ensure that pretrial detainees receive proper medical care.

## COUNT 3: MEDICAL INDIFFERENCE

### (HCSO)

50. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

51. HCSO had a duty of reasonable care and due diligence in responding to and ensuring that Patterson's medical complaints were addressed while he was at Henry County Memorial Hospital.

52. Deputy Glassburn, Deputy Wright, Sergeant Dean, and/or other HCSO's officers wrongfully intervened and denied Patterson medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

53. HCSO deputies wrongfully intervened with Patterson's medical care while he was at Henry County Memorial Hospital which resulted in Patterson not receiving the treatment he needed.

54. Due to HCSO's wrongful intervention, Patterson did not receive treatment for his serious and obvious medical complaints while at Henry County Memorial Hospital.

55. HCSO and its officers deliberately and intentionally denied Patterson medical attention.

56. As a direct, legal, and proximate result of HCSO's indifference to Patterson's various medical complaints and requests, Patterson suffered economic and non-economic damages.

## COUNT 4: MEDICAL INDIFFERENCE

**(Henry County Memorial Hospital and John Doe and Jane Doe Medical Staff)**

57. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

58. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff had a duty of reasonable care and due diligence in responding to and investigating Patterson's medical complaints while he was at Henry County Memorial Hospital.

59. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff wrongfully denied or otherwise refused to provide Patterson with medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

60. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff's failure to provide Patterson medical care while at Henry County Memorial Hospital resulted in Patterson not receiving the medical treatment he obviously needed.

61. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff failed to respond to, report, or otherwise treat Patterson for his medical complaints.

62. Henry County Memorial Hospital and John Doe and Jane Doe Medical Staff deliberately and intentionally denied Patterson medical attention.

63. As a direct, legal, and proximate result of Henry County Memorial Hospital, John Doe and Jane Doe's indifference to Patterson's various medical complaints and requests, Patterson suffered economic and non-economic damages.

## COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (HCSO)

64. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

65. Deputy Glassburn, Deputy Wright, Sergeant Dean and/or other HCSO officers wrongfully intervened and denied Patterson medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

66. HCSO officers intentionally intervened with Patterson's medical care while he was at Henry County Memorial Hospital which resulted in Patterson not receiving the treatment he needed.

67. HCSO deliberately and intentionally denied Patterson medical attention.

68. HCSO's actions constituted extreme and outrageous conduct that constitutes intentional or reckless harm to Plaintiff.

69. As a direct, legal, and proximate result of HCSO's indifference to Patterson's various medical complaints and requests, Patterson suffered economic and non-economic damages.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Henry County Memorial Hospital and John Doe and Jane Doe Medical Staff)

70. Patterson incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates Patterson is entitled to relief. Fed. R. Civ. P. 8(a)(2).

71. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff wrongfully denied or otherwise refused to provide Patterson with medical treatment at Henry County Memorial Hospital for the serious and obvious injuries that he sustained during his car accident.

72. Henry County Memorial Hospital, Jon Doe and Jane Doe Medical Staff intentionally intervened with Patterson's medical care while he was at Henry County Memorial Hospital which resulted in Patterson not receiving the treatment he needed.

73. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff deliberately and intentionally denied Patterson medical attention.

74. Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff's actions constituted extreme and outrageous conduct that constitutes intentional or reckless harm to Plaintiff.

75. As a direct, legal, and proximate result of Henry County Memorial Hospital, John Doe and Jane Doe Medical Staff's indifference to Patterson's various medical complaints and requests, Patterson suffered economic and non-economic damages.

**PRAYER FOR RELIEF**

76. Patterson prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint that:

   A. Awards actual and compensatory damages to Patterson, including reasonable attorney's fees and any and all litigation costs incurred in this matter under 42 U.S.C.

§ 3613, 29 U.S.C. § 794a, and/or to the fullest extent of these laws and any all other applicable Constitutional violations;

B. Awards any and all other relief as this Court deems just and proper.

C. Patterson requests injunctive relief that HCSO change its policy of denying medical care to pretrial detainees and to cease all Constitutional violations.

## DEMAND FOR JURY TRIAL

Patterson hereby demands a trial by jury of all issues so triable.

Date:   March 12, 2020

s/ Andrea Ciobanu_____
Andrea Ciobanu, Attorney #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Telephone:   (317) 495-1090
Facsimile:    (866) 841-2071
Website:      ciobanulaw.com
Email:        aciobanu@ciobanulaw.com